IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| RODNEY HARPER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-2132-STA-cgc |
| | ) | |
| TINA HOUSTON and DORIS WARREN, | ) | |
| | ) | |
| Defendants. | ) | |

___

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANT'S MOTION TO DISMISS
___

Before the Court is Defendant Tina Houston's Motion to Dismiss (ECF No. 16) filed on May 24, 2017. Plaintiff Rodney Harper, proceeding *pro se*, has responded in opposition. Pursuant to Administrative Order 2013-05, this case is assigned to the United States Magistrate Judge for management of all pretrial matters, including the issuance of reports and recommendations on dispositive motions. On November 15, 2017, the Magistrate Judge issued a report recommending that the Court grant Houston's Motion to Dismiss. Plaintiff thereafter filed timely objections to the Magistrate Judge's report and recommendation, and Houston has answered Plaintiff's objections. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Houston's Motion to Dismiss.

**BACKGROUND**

The Magistrate Judge has set out the following background information in her report: on February 27, 2017, Plaintiff filed a Complaint alleging violations of his constitutional rights and

the intentional infliction of emotional distress under Tennessee law.[1] In support of his claims, Plaintiff alleges that Houston is employed as a receptionist in the Shelby County Attorney's Office in Memphis, Tennessee. (Compl. ¶ 2). The Complaint alleges that on or about August 23, 2016, Plaintiff came to the Shelby County Attorney's Office and presented a document to have a county official "stamp, date, and sign [it to] acknowledge that the document [had] been received." (*Id*. at 4.) When Plaintiff remarked that "it would take an act of Congress to get" someone to acknowledge his document in this way, Houston pressed a panic button to request assistance from building security. (*Id.*) Plaintiff was escorted from the County Building and is now required to have Shelby County Sheriff's deputies accompany him whenever he enters the County Building. (*Id.*) From these factual premises, the Complaint alleges that Houston violated Plaintiff's First Amendment free speech rights; his freedom of movement and right to access the County Building; and his Fourteenth Amendment right to due process and equal protection under the law. (*Id.* at 4-6.)

In her Motion to Dismiss, Houston argues that the Complaint fails to state a claim for the violation of any of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. Houston further argues that because the Complaint is devoid of a plausible claim for relief under federal law, the Court should decline supplemental jurisdiction over Plaintiff's claims under Tennessee law. The state law claims are likewise subject to dismissal for failure to state a plausible claim for

---

[1] The full scope of Plaintiff's claims under state law is not clear. The Magistrate Judge construed the Complaint to allege that Houston "engaged in a pattern and practice of acts and omissions of civil conspiracy" with the object of denying Plaintiff his constitutional rights. Mag. J.'s Rep. & Recommendation 3 (ECF No. 30). Houston's Motion to Dismiss notes that the Complaint arguably includes claims for civil conspiracy, IIED, and slander. Def.'s Mot. to Dismiss 2 (ECF No. 16-1). Because the Court declines supplemental jurisdiction over Plaintiff's Tennessee law claims, the Court need not actually decide which state law claims are found in the Complaint.

relief. Defendant argues in the alternative that she is entitled to qualified immunity on any claim that she acted under color of law to deny Plaintiff his constitutional rights. For these reasons the Court should dismiss the Complaint with prejudice.

The Magistrate Judge has recommended that the Court grant Defendant's Rule 12(b)(6) Motion. First, the Magistrate Judge concluded that the Complaint does not state an individual capacity claim under 42 U.S.C. § 1983 for the violation of any constitutional right. Plaintiff failed to state a plausible First Amendment claim against Defendant in her individual capacity. The Magistrate Judge reasoned that Plaintiff does not have a constitutional right to free speech in an otherwise non-public, government office setting. While Plaintiff denies that he was disruptive or threatening, he does not allege that Houston acted as she did in an effort to suppress Plaintiff's speech or discriminate against some particular viewpoint. The Complaint merely alleges that Houston felt unsafe when dealing with Plaintiff and pressed a panic button to request assistance from security. Next, the Magistrate Judge concluded that Plaintiff had failed to state a plausible equal protection claim against Houston in her individual capacity. There is no allegation in the Complaint that Houston treated Plaintiff differently than any other similarly situated individual. Without this essential element of the claim, Plaintiff has not shown that Houston violated his right to equal protection. Therefore, the Complaint does not state a plausible section 1983 claim against Houston in her individual capacity.

With respect to Plaintiff's Fourteenth Amendment due process claim, the Magistrate Judge construed the claim as one against Houston in her official capacity. Plaintiff alleges that Houston's decision to summon security personnel is actually a county policy or custom and that the policy as applied to Plaintiff deprived him of his right to freedom of movement in the County

Building. Plaintiff alleges that the county policy or custom implicates the Due Process Clause of the Fourteenth Amendment. The Magistrate Judge acknowledged that Plaintiff has a fundamental right to freedom of movement and travel but held that Plaintiff had no right to travel to a specific place such as the County Building. Shelby County, Tennessee may limit the access a visitor has to the County Building where as here security has previously escorted the visitor from the building. The Magistrate Judge also pointed out the inconsistency in Plaintiff's allegations that Houston failed to comply with county policy on the one hand but that the County's policy or custom was the moving force behind the alleged deprivation of Plaintiff's constitutional rights. As a result, the Complaint failed to state a plausible Fourteenth Amendment claim. The Magistrate Judge finally recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff has filed timely objections to the Magistrate Judge's report and recommendation. Plaintiff's brief consists of 73 pages of what appear to be extended quotations from legal treatises, though Plaintiff does not identify the treatises or otherwise provide citations to the sources. The memorandum discusses a number of topics: the authority of United States Magistrate Judges; the Federal Rule of Civil Procedure 8(a) notice pleading standards announced in *Twombly* and *Iqbal*; and the elements of 42 U.S.C. § 1983, just to name a few. None of the materials quoted, however, show why the Court should reject the Magistrate Judge's recommendation. Despite its voluminous discussion of the law, Plaintiff's brief never applies any of the law cited to the facts of Plaintiff's case. When stripped of its meandering legal boilerplate, Plaintiff's brief raises only two specific objections to the Magistrate Judge's recommendation: (1) the Magistrate Judge accepted Defendant's version of the facts without

holding an evidentiary hearing; and (2) the Magistrate Judge applied inapposite law to hold that Plaintiff should not be given leave to amend his pleadings.

In addition to his recitation of law, Plaintiff's objections also raise new factual claims about what happened during his visit to the Shelby County Attorney's Office in August 2016, primarily to demonstrate that Houston did not have "probable cause" to call for security or grounds to fear for her safety. Plaintiff states that he came to the Shelby County Attorney's Office on the date in question to see Assistant County Attorney Joe Leibovich and that he did in fact see Mr. Leibovich and completed his business there. During Plaintiff's visit to the Shelby County Attorney's Office, Plaintiff observed Houston talking to another employee at her desk. Houston gave Plaintiff no reason to believe that Houston feared for her safety or regarded Plaintiff as a threat. Plaintiff further alleges that he returned to the County Building in September 2016 and that he was not required to have an escort during this subsequent trip. Plaintiff asserts then that whatever the security protocol may be, county officials do not enforce the escort rule consistently. Plaintiff has attached as an exhibit to his objections (ECF No. 31-1) an unverified email from Assistant County Attorney Joseph Leibovich, referring to the August 23, 2016, meeting and requesting instructions from Plaintiff on how to transmit settlement funds to him.

Houston has filed a response to Plaintiff's objections. Houston first argues that the Court should reject Plaintiff's claim that an evidentiary hearing is required before the dismissal of the Complaint. Houston points out that under Rule 12(b)(6), the Court's analysis is confined to the well pleaded allegations of the Complaint. Plaintiff has not shown with specificity why the Magistrate Judge's assessment of his pleadings was erroneous. Houston also argues that Plaintiff

has not properly raised his request to amend his pleadings by making the request for the first time in his objections to the Magistrate Judge's report and recommendation. Other than a cursory statement about being granted leave to amend, Plaintiff has not shown how an amended pleading would cure the defects found in the initial pleading. Houston argues that the Court should reject the remainder of Plaintiff's "scattershot" objections because they lack particularity. Based on Plaintiff's failure to show why the Court should not adopt the Magistrate Judge's recommendation, Houston contends that her Motion to Dismiss should be granted.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for any dispositive motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Id.* The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may simply adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir.

6

1992).  However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Magistrate Judge has recommended that the Court grant Houston's Motion to Dismiss.  Plaintiff has not alleged the violation of any federal constitutional right, and so the Magistrate Judge concluded that the Complaint failed to state a claim under 42 U.S.C. § 1983.  In the event the Court dismisses Plaintiff's claims under federal law, the Magistrate Judge has

also recommended that the Court decline to accept supplemental jurisdiction over Plaintiff's claims under Tennessee law.

Plaintiff has filed timely objections to the report and recommendation but none addressed to the Magistrate Judge's legal analysis of the pleadings or her conclusion that the Complaint failed to allege an essential element of Plaintiff's section 1983 claims. In fact, Plaintiff's objections suffer from a number of significant defects. As an initial matter, the objections fail to comply with Local Rule of Court 7.2(e), which limits briefs filed with the Court to 20 pages of type-written, double-spaced text. Plaintiff's 73-page memorandum is almost four times longer than the Local Rules allow. In addition to completely ignoring the page limitation under the Local Rules, Plaintiff has presented no specific objections to the Magistrate Judge's key recommendations. As the Court has already noted, Plaintiff's brief is a patchwork of quotations from legal treatises. Even when viewed in a light most favorable to Plaintiff, Plaintiff's brief fails to direct the Court to any specific claim of error about the Magistrate Judge's construction of the pleadings or her recommendation to grant Defendant's Motion to Dismiss as to Plaintiff's section 1983 claims.

The Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In this case, however, Plaintiff's memorandum does not zero in on any specific issue of contention related to the Magistrate Judge's reasoning about the section 1983 claims. Instead Plaintiff has cited extensively to black letter law on several topics but without showing how the Magistrate Judge

8

failed to take that law into account or misapplied the law in arriving at her recommendations. Taken as a whole, Plaintiff's overly long memorandum is nothing more than a general objection to the Magistrate Judge's recommendation.

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.
>
> *Id.* (citing *Arn*, 474 U.S. at 148).

As already noted, the Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150. In the absence of more specific and focused objections, the Court declines to comb through Plaintiff's brief and attempt to divine each and every possible objection to the Magistrate Judge's report and recommendation Plaintiff might have preserved. Therefore, the Court holds that Plaintiff has failed to show with specificity which conclusion in the report and recommendation the Court should reject.

It is true that the Court typically grants parties acting *pro se* a fair amount of leeway in the presentation of their cases, overlooking technical violations of the normal rules of procedure. But Plaintiff's failure to raise specific objections is not merely a technical violation of the referral process. What is more, this is not the first case in this District in which Plaintiff has acted *pro se* and failed to present clear and particularized objections to a Magistrate Judge's report and recommendation. In two previous decisions, this Court has adopted a Magistrate

9

Judge's report and recommendation without further review where the Court found that Plaintiff's lack of specific objections amounted to a vague general objection. *Harper v. U.S. E.E.O.C.*, No. 15-2629-STA-cgc, 2016 WL 3637205, at *1 (W.D. Tenn. June 30, 2016); *Harper v. U.S. Dept. of Justice*, No. 14-2887-JTF-cgc, 2015 WL 4078425, at *1 (W.D. Tenn. July 6, 2015). In light of these earlier proceedings before the Court, Plaintiff was obviously on notice of his need to raise objections in a way that preserved the issue and directed the Court to something concrete in the report to examine as part of its *de novo* review of the Magistrate Judge's recommendation. For all of these reasons, the Court holds that Plaintiff has waived review of the Magistrate Judge's conclusion that the Complaint fails to state a section 1983 claim. As a result, the Court will adopt the Magistrate Judge's proposed holding that the Complaint does not state a plausible claim under 42 U.S.C. § 1983. Without a claim for relief under federal law, the Court declines to accept supplemental jurisdiction over Plaintiff's claims under Tennessee law.

The Court confines its review to the two specific objections presented in Plaintiff's memorandum. Plaintiff's first specific objection is that the Magistrate Judge failed to convene an evidentiary hearing to test the facts alleged in the Complaint and in Houston's Motion to Dismiss. Plaintiff objects in particular to the portion of the Magistrate Judge's report which stated that Houston became concerned for her safety and pressed the panic button. According to Plaintiff, these statements reflect Houston's own characterization of the events. Plaintiff disputes that he posed a threat of any kind to Houston and complains that the Magistrate Judge should have held an evidentiary or a probable cause hearing to weigh the evidence. It is clear to the Court that Plaintiff disputes what happened during his August 2016 visit to the Shelby County Attorney's Office and how Houston perceived Plaintiff during her encounter with him.

Whatever issues of fact there may be about the events, Plaintiff misunderstands the Magistrate Judge's reasoning.

The Magistrate Judge accepted as true the Complaint's allegation that Houston pushed the panic button without cause and that her actions had the effect of limiting Plaintiff's right of access and speech within the County Building. But the Magistrate Judge nevertheless concluded that Houston' actions, even if unjustified, did not infringe upon Plaintiff's constitutional rights and entitle him to relief under section 1983. For purposes of deciding Houston's Motion to Dismiss under Rule 12(b)(6), the Magistrate Judge correctly accepted Plaintiff's factual allegations and decided that the Complaint still failed to state a section 1983 claim. *Binno v. Am. Bar Assoc.*, 826 F.3d 338, 345–46 (6th Cir. 2016) ("Under the standard set out in *Iqbal* and *Twombly*, a court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions."). And the Magistrate Judge did not err by including these statements about Houston's actions and perceptions in her report without holding a hearing. At the pleadings stage, the Court's analysis is limited to "matters contained within the pleadings and [must] accept all well-pleaded allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 481 (6th Cir. 2009) (citation omitted). In other words, a hearing to test the factual content of the pleadings is not required and would have actually been contrary to law.[2] Therefore, Plaintiff's objection on this issue is overruled.

---

[2] For similar reasons, the Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation. Plaintiff has offered additional facts about the events of August 23, 2016, as well as an unverified exhibit. Plaintiff seems to argue that all of the new material shows that Houston did not have a reasonable fear for her safety. It would be improper for the Court to consider the new facts because they are matters outside of the pleadings. Even if Plaintiff included them in an amended pleading, the information would not alter the legal conclusion that the facts alleged fail to state a section 1983 claim.

Plaintiff's second specific objection is that the Magistrate Judge's report and recommendation did not address whether the Court should permit Plaintiff an opportunity to amend his pleadings. For support Plaintiff cites the Sixth Circuit's holding in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) in which the Court of Appeals ruled that a district court may allow a prisoner to amend his complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). 716 F.3d at 951. Plaintiff seems to argue that once she determined that the Complaint failed to state a section 1983 claim, the Magistrate Judge should have permitted Plaintiff to amend his pleadings. However, the Court finds no error in the Magistrate Judge's decision not to address Plaintiff's leave to amend.

*LaFountain* has little or no bearing on the Magistrate Judge's recommendation to grant Houston's Motion to Dismiss or grant Plaintiff an opportunity to amend. Other than the fact that both the petitioner in *LaFountain* and Plaintiff were granted leave to proceed *in forma pauperis* on constitutional claims under section 1983, the posture of the two cases is largely distinguishable. The district court in *LaFountain* dismissed the suit *sua sponte* as part of the screening process required under the PLRA. The issue presented on appeal in *LaFountain* was whether a district court even had discretion to grant a prisoner acting *pro se* leave to amend a defective pleading as part of the screening process. The Sixth Circuit had held in *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) that a district court did not. *LaFountain* overruled *McGore* in light of the Supreme Court's intervening decision in *Jones v. Bock*, 549 U.S. 199 (2007) and held that a district court could but was not required to grant a prisoner acting *pro se* leave to amend a defective pleading. *LaFountain*, 716 F.3d at 951.

By contrast, the Magistrate Judge in this case had already screened Plaintiff's Complaint and addressed her report and recommendation to Houston's subsequently filed Rule 12(b)(6) Motion to Dismiss. Unlike a prisoner whose *pro se* complaint may be subject to *sua sponte* dismissal during screening, Plaintiff had an opportunity to be heard on the dismissal of his Complaint. Plaintiff filed a response to Houston's Motion as well as objections to the Magistrate Judge's report and recommendation. The Magistrate Judge made her recommendation on the basis of the parties' adversarial submissions about the sufficiency of the pleadings. Plaintiff has not shown then why *LaFountain* applies in his case.

Perhaps more importantly, the Magistrate Judge had no reason to decide whether Plaintiff should be granted leave to amend his Complaint. Plaintiff never made a motion to amend his pleadings while the Motion to Dismiss was before the Magistrate Judge. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend his pleadings once as a matter of course within certain time frames, and Rule 15(a)(2) provides that otherwise a party may amend his pleadings only with the opposing party's written consent or the court's leave and "that leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In this case Plaintiff had the right to file an amended complaint without leave of court within 21 days of being served with Houston's Rule 12(b)(6) Motion. And after Plaintiff "knew of the thrust of [Houston's] arguments for dismissal, Plaintiff "was perfectly free to respond to the motion to dismiss" by filing a motion to amend with the Magistrate Judge. *Verble v. Morgan Stanley Smith Barney, LLC*, 676 F. App'x 421, 425 (6th Cir. 2017) (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008)). Instead of following the proper procedures for filing an amended complaint, Plaintiff waited to raise the request as an

objection to the Magistrate Judge's recommended ruling on the Motion to Dismiss. The Sixth Circuit has consistently held that a party requesting leave to amend under Rule 15(a) must file a motion and that a conclusory request to amend in a brief opposing a motion to dismiss will not suffice. *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) (collecting cases). A party has no right to "an advisory opinion from the Court informing [him] of the deficiencies of the complaint and then an opportunity to cure those deficiencies," particularly so that the party can "amend in response to the magistrate [judge]'s recommendation." *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 459 (6th Cir. 2013) (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776 (6th Cir. 2000)). The Court cannot say then that the Magistrate Judge's decision not to address leave to amend was error. Therefore, Plaintiff's objection is overruled.

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report and **GRANTS** Defendant's Motion to Dismiss. The Court **DISMISSES** Plaintiff's section 1983 claims against Houston with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Houston under Tennessee law and **DISMISSES** the claims without prejudice.

## CONCLUSION

The Court **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** Houston's Motion to Dismiss**.** Plaintiff's section 1983 claims against Houston are dismissed

with prejudice for failure to state a claim. Plaintiff's claims against Houston under Tennessee law are dismissed without prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 10, 2018.