IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **RODNEY HARPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:17-cv-02132-STA-cgc |
| ) | |
| **TINA HOUSTON in her official and individual** ) | |
| **capacities, and DORIS WARREN in her** ) | |
| **Official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

---

**ORDER DENYING PLAINTIFF'S MOTION TO CLERK FOR DEFAULT JUDGMENT
WITHOUT PREJUDICE**

---

Before the Court is Plaintiff Rodney Harper's Motion to Clerk for Default Judgment (ECF No. 37) filed on May 7, 2018. Plaintiff's Motion is addressed to the Clerk of Court and seeks the entry of a default judgment against Defendant Doris Warren. Plaintiff has attached as an exhibit to his Motion a proposed entry of default against Warren, a proposed default judgment, and an affidavit to establish the amount of damages Plaintiff claims against Warren. Plaintiff seeks judgment in the amount of $1 million. The Court finds that Plaintiff's Motion is not well taken.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Sixth Circuit has held that it is procedurally improper for a plaintiff to seek a default judgment without first seeking and obtaining entry of default from the Clerk of Court. *Devlin v. Kalm*, 493 F. App'x 678, 685–86 (6th Cir. 2012); *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009); *Shepard*

*Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Plaintiff's Motion is irregular in that Plaintiff seeks a default judgment without first obtaining entry of default. At the very least, Plaintiff appears to be seeking entry of default and a default judgment simultaneously. Under Rule 55(a), Plaintiff must proceed in sequence, first obtaining entry of default and then default judgment only after entry of default. Therefore, Plaintiff's request for a default judgment is denied without prejudice to renew his motion once Plaintiff has properly sought and obtained entry of default from the Clerk of Court. The Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                              s/ S. Thomas Anderson
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: March 29, 2019