# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RODNEY HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-02132-STA-cgc |
| ) | |
| TINA HOUSTON in her official and individual ) | |
| capacities, and DORIS WARREN in her ) | |
| Official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Rodney Harper's Pro Se Complaint (ECF No. 1) filed on February 27, 2017. For the reasons set forth below, the Court dismisses the suit for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Harper's Complaint alleges the violation of his civil rights and names as Defendants Tina Houston and Doris Warren. Harper alleges that Houston was a receptionist at the Shelby County Attorney's Office in Memphis, Tennessee. While Harper was visiting the office in August 2016, Houston called security to have Harper removed from the office out of concern over his behavior. Harper alleges that Warren was the security guard who escorted him out of the building at Houston's request. From these premises Harper alleges that both Defendants violated his right to access the public building.

Administrative Order 2013-05 assigned the United States Magistrate Judge responsibility

for handling all pretrial matters in the case because Harper is acting *pro se*. The Magistrate Judge granted Harper's motion to proceed *in forma pauperis* on March 8, 2017, and ordered the Clerk to issue summons and the United States Marshal to serve Defendants with the summons and the Complaint. The U.S. Marshal served both Defendants on May 3, 2017.

Defendant Tina Houston filed a motion to dismiss for failure to state a claim on May 24, 2017. The Magistrate Judge prepared a report and recommended that the Court grant Houston's motion, a recommendation the Court adopted in January 2018. Upon the dismissal of Harper's claims against Houston in early 2018, only his claims against Warren remained. But at that time Warren had still not filed an answer to the Complaint, even though the U.S. Marshal had served her in May 2017. Almost three more months passed after the dismissal of Harper's claims against Houston, and Harper failed to take any further action to prosecute his claims against Warren. So on April 5, 2018, a little less than a year after Warren had been served, the Magistrate Judge ordered Harper to show cause as to why the Court should not dismiss his claims against Warren for lack of prosecution. Harper responded to the show cause order and filed a motion for default judgment against Warren.[1]

The Court subsequently denied Harper's motion for default judgment without prejudice. *See* Order Denying Mot. for Def. J., Mar. 29, 2019 (ECF No. 42). Harper had simultaneously sought entry of default and a default judgment against Warren. The Court's order explained the correct procedure to follow when a defendant was in default, first to obtain an entry of default

---

[1] Harper also filed a motion for contempt (ECF No. 38) and motion for hearing on the contempt issue (ECF No. 39). Harper sought to hold Warren's employer Allied Universal in contempt of court. The Magistrate Judge issued a report and recommendation (ECF No. 40) on the motion for contempt and recommended that the Court deny it. The Court adopted her recommendation without any objections from Harper on February 20, 2019.

from the Clerk of Court under Rule 55(a) and then, and only then, to seek default judgment under Rule 55(b).  The Court found that Harper should have first sought and obtained entry of default against Warren before moving for default judgment.  The Court therefore denied the motion without prejudice to Harper's right to renew his motion once he had properly sought and obtained entry of default.

Rather than follow the procedures outlined in the Court's order, Harper once again allowed his case to languish.  No further docket activity occurred after March 29, 2019.  So on January 31, 2020, Harper was ordered for the second time in this case to show cause as to why the Court should not dismiss the action with prejudice for failure to prosecute.  The Court noted that more than ten months had passed since the Court entered its order explaining the correct process for entry of default and default judgment.  In that interim, Harper had not moved for entry of default against Warren and had not taken any further action to bring his case to a conclusion.  As a result, the Court ordered Harper to show cause as to why the Court should not dismiss the case and gave him twenty-one (21) days, or until February 21, 2020, to respond.  The Court included the following admonition in its show cause order: "Failure to respond within [the time allowed] may result in the dismissal of the case with prejudice and without further notice to the parties."

Harper did not immediately respond to the show cause order but filed a motion to issue a subpoena (ECF No. 44, Feb. 18, 2020) instead.  Harper stated that he was attempting to identify a security guard who like Warren worked at the Vasco A. Smith Administration Building where the Shelby County Attorney's Office is located.  But Harper did not show to whom the subpoena would be directed or what action the subpoena would order that person to take and when.  Harper also did not explain how the identity of the security guard related to his claims against Warren or why the guard would have any relevant information about his case.  And Harper had not addressed

3

why a subpoena was necessary to the prosecution of Harper's claims against Warren, when Harper had allowed almost three years to pass since Warren was served and almost eleven months to pass since the Court outlined the correct procedure for Harper to follow if he wanted to obtain entry of default against Warren. As a result, the Court denied the motion for subpoena without prejudice on February 20, 2020.

The Court concluded its order denying the motion for subpoena by addressing Harper's need to file a show cause response. The Court noted that Harper had filed his motion for the subpoena before the February 21, 2020 show cause response deadline. However, the motion for subpoena did actually not show cause as to why Harper had not prosecuted his claims against Warren and did not demonstrate why he needed more time to obtain entry of default against Warren. Despite these shortcomings, the Court gave Harper an additional fourteen (14) days in which to comply with the show cause order. The Court again cautioned Harper that failure to file a timely response addressed to why Harper had not taken steps to prosecute his claims against Warren might result in the dismissal of his case with prejudice and without further notice. *See* Order Denying Mot. to Issue Subpoena 3-4, Feb. 20, 2020 (ECF No. 45).

Harper has now filed his show cause response (ECF No. 46, Feb. 27, 2020). Harper essentially stands on the merit of his original motion for default judgment (ECF No. 37). Harper points out that he addressed the matter to the Clerk of Court as a request for the "entry of default judgment" against Warren. While Harper acknowledges that the Court denied the motion for failure to take the correct procedural steps, he maintains that he did, in fact, follow the correct procedure. Harper also argues that just like the Clerk of Court, the Court could enter default against Warren for her failure to appear. As far as his claims against Warren, Harper states that she continues to work as a security guard at the Vasco A. Smith Administration Building, though

4

she now works for a different company than the private firm she worked for at the time relevant to Harper's suit.  Harper has also included photos (ex. A) of a person who he claims is Warren. Harper does not state why these facts or his photos of Warren are material to his case or why they show cause as to why the Court should not dismiss the Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  While it speaks of a defendant's right to request dismissal, Rule 41(b) does not abridge a district court's inherent authority to dismiss a plaintiff's case with prejudice for the plaintiff's failure to prosecute it.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  The Supreme Court has remarked that this inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id*. at 629–30; *see also Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (stating that the inherent authority to dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties").

District courts enjoy substantial discretion in determining whether dismissal is appropriate. *Knoll,* 176 F.3d at 363; *Harmon v. CSX Transp.,* Inc., 110 F.3d 364, 366 (6th Cir. 1997). When considering dismissal for failure to prosecute, a court should weigh the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Carpenter v. City of Flint*, 723 F.3d

700, 704 (6th Cir. 2013). A district court should not dismiss for failure to prosecute unless there is a "clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

## ANALYSIS

The Court holds that dismissal of Harper's claims for failure to prosecute is justified. The procedural history of the case evidences a pattern of delay and a lack of diligence on Harper's part in pursuing his claims against Warren. Harper filed suit and obtained service on Warren over three years ago. Based on the fact that Warren was served May 3, 2017, Warren's responsive pleading was due no later than May 25, 2017. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to serve an answer within 21 days after being served with the summons and complaint). Once Warren's responsive pleading deadline passed (and at all times since then), Harper could have easily requested entry of default against Warren at any time.

But that has not happened, despite two different show cause orders to spur Harper into action and another order spelling out the correct process for obtaining entry of default. The first show cause order (ECF No. 34) in the case came when Harper allowed almost eleven months to pass after Warren's deadline to file an answer. The Magistrate Judge's April 2018 show cause order put Harper on notice of his need to prosecute his claims against Warren and cautioned Harper about the possibility of dismissal for his failure to prosecute. Show Cause Order 1, Apr. 5, 2018 (ECF No. 34). Harper responded to the show cause order and explained that he was moving to hold Warren's employer, Allied Universal, in contempt and that he was seeking "entry of default judgment" against Warren. Pl.'s Show Cause Resp. 2, May 7, 2018 (ECF No. 36). But those were actions Harper took after the show cause order issued; Harper never actually explained what action he had taken in the intervening months or why he had allowed eleven months to pass before

6

prosecuting his claims against Warren.

The Court ultimately denied the motion for default judgment for Harper's failure to take the correct steps under Federal Rule of Civil Procedure 55. But the Court denied the motion without prejudice to Harper's right to re-file it. While the Court pointed out the irregularity of seeking entry of default and default judgment at the same time, the Court outlined the correct process required to have the Clerk enter Warren's default first. Rather than comply with the procedural rules and simply file a proper motion for entry of default, Harper once more waited to act, this time ten months with no further effort to move the case forward. The Court denied the motion for default judgment on March 29, 2019. No activity occurred in the case for the rest of 2019. That delay occasioned the second show cause order (ECF No. 43), which the Court issued January 31, 2020.

Since the Court issued the second show cause order in January 2020, Harper has filed a motion to issue a subpoena and a show cause response. Harper's motion failed to comply with the most basic requirements for a Rule 45 subpoena. Perhaps more important, the motion did not show why a subpoena was needed at this stage of the case before Harper could take the ministerial step of having the Clerk enter default against Warren. Harper's show cause response does not fare much better. Harper argues that contrary to the Court's January 2020 show cause order,[2] Harper did request "entry of default judgment." Harper appears to conflate entry of default under Rule

---

[2] To the extent that Harper now seeks reconsideration of the Court's order denying his motion for default judgment, Harper has not demonstrated cause for the Court to revise its decision almost a year later. *See* Local R. 7.3(b) (permitting a party to seek revision of an order if the party shows "(1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order . . . ; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.").

7

55(a) with default judgment under Rule 55(b). This is a distinction the Court's order denying Harper's motion for default judgment carefully explained last March: "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." Order Denying Mot. for Def. J. 2 (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682). Harper's misunderstanding of Rule 55 or his misreading of the Court's order does not excuse his failure to follow the Federal Rules of Civil Procedure. As the Sixth Circuit has repeatedly emphasized, "*pro se* litigants are not exempt from the Federal Rules of Civil Procedure," *Reese v. Ohio Dep't of Rehabilitation and Corr.*, No. 17-3380, 2018 WL 4998188, at *2 (6th Cir. June 21, 2018) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), even where the *pro se* party "may not have fully understood" what the rules required. *In re Sharwell*, 129 F.3d 1265, 1997 WL 681509, at *1 (6th Cir. Oct. 30, 1997) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)).

In sum, Harper waited eleven months from Warren's failure to file an answer and then another ten months from the denial of his motion for default judgment before taking any further action to prosecute his claims. After a total of 21 months of inaction, two show cause orders, and an order outlining the straightforward procedural steps to have default entered, Harper has still not taken action to prosecute his claims against Warren. The Court finds that dismissal of Harper's claims against Warren is now required to prevent further delay and remove this case from the Court's docket. *Link*, 370 U.S. at 629–30.

The balance of the factors for the Court to consider weighs in favor of involuntary dismissal. The first factor, Harper's willfulness, bad faith, or fault, weighs against him. While the Court has no reason to find that Harper has acted willfully or in bad faith, he bears the fault for 21 months of delay in this case caused by his failure to act and in particular in the more than one year

that has elapsed since the Court denied his motion for default judgment. It bears emphasis that Harper had only to file a motion for entry of default under Rule 55(a) to prosecute his claims against Warren. Harper chose instead to raise frivolous issues, first seeking a contempt sanction against Warren's employer, who is not a party to this action, and more recently by filing a meritless motion for a subpoena against an unidentified party.

Moreover, Harper was clearly on notice that his failure to prosecute his case against Warren might result in the dismissal of the action without a further opportunity to be heard. "Prior notice, or the lack thereof, is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *United States v. $506,069.09 Seized From First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016) (citations and internal punctuation omitted). Both the Magistrate Judge's April 2018 show cause order and the Court's January 2020 show cause order cautioned Harper that his failure to respond to the orders might result in dismissal. What is more, the Court's February 20, 2020 order denying Harper's motion for a subpoena noted that he had not addressed the most recent show cause order and *sua sponte* gave Harper more time to respond. The Court's order concluded with the following admonition: "Failure to file a timely response addressed to why Harper has not taken steps to prosecute his claims against Warren may result in the dismissal of his case with prejudice and without further notice." Order Denying Mot. to Issue Subpoena 3–4, Feb. 20, 2020 (ECF No. 45). Harper's show cause response doubled down on his motion for default judgment by asserting that he had complied with the correct procedures for prosecuting his claims against Warren, even though the Court's previous orders had clearly held the opposite. Harper has had notice of the need to prosecute his claims against Warren and warnings from the Court about the consequences of his failure to do so since the Magistrate Judge's April 2018 show cause order, and at the very least since the Court

9

denied his motion for default judgment in March 2019.

Finally, the two show cause orders, as well as the Court's order denying the motion for subpoena, constitute consideration of less drastic measures prior to dismissal. Dismissal is appropriate where the action "amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." *Kemp v. Robinson,* 262 F. App'x 687, 692 (6th Cir. 2007) (quoting *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)). The two show cause orders and the Court's order granting Harper more time to file a show cause response each gave Harper an opportunity to avoid the sanction of dismissal. Therefore, the Court finds that all of these considerations counsel in favor of dismissal.

This just leaves the question of whether Harper's actions have prejudiced Warren. The Court has no reason to find that Warren has suffered any prejudice based on Harper's failure to press his claims against her. Not only did Warren fail to answer by the pleading deadline, she has never answered or otherwise appeared to defend herself in this matter in the more than thirty-seven (37) months since the Marshal served her with the Complaint. Despite Warren's obvious default, Harper continued to certify to the Court that he was serving Warren with copies of most if not all of his filings with the Court, including his most recent show cause response. It is clear to the Court that Warren has at all times been on notice of Harper's claims against her. Although this reason weighs against the dismissal of Harper's suit for failure to prosecute, it does not overcome the weight of the other factors that support dismissal.

## **CONCLUSION**

The Court finds that Harper has failed to prosecute his claims against Warren in the three years since the U.S. Marshal served her with a summons and the complaint. Therefore, Harper's Complaint is hereby dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b). The Clerk of Court is directed to enter judgment.

    **IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date:   June 16, 2020.